966 F.2d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES for Use and Benefit of, MOD-FORM INCORPORATED,
Plaintiff Counter-Defendant-Appellant,
v.
BARTON AND BARTON COMPANY; Defendant Counter-Claimant-Appellee,
Employers Insurance of Wausau, Defendant.
 No. 91-2079.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Mod-Form Incorporated appeals from a judgment for the defendant following a bench trial in an action filed under the Miller Act, 40 U.S.C. § 270a et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 2
 Appellant filed this action seeking monetary damages under a subcontract with the defendant general contractor and its surety, for certain construction work performed at the U.S. Army Detroit Arsenal. After a bench trial, the district court determined that the claim was barred by the one year statute of limitations contained in 40 U.S.C. § 270b(b).
 
 
 3
 Upon consideration, it is determined that this claim was properly found to be barred as having been filed beyond one year following the last material or labor furnished by the plaintiff under the subcontract. The only act alleged by appellant within the one year period was a delivery of material on August 22, 1989. The district court found the testimony in support of this claim lacking in credibility. Factual findings based on credibility determinations are entitled to great deference. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). In this case the district court's finding is not clearly erroneous, but is supported by the record. It was not shown that appellant was even allowed on the site, a military installation, on the date in question. The materials allegedly furnished were not described with any particularity, no invoice was sent, as had been previously done following delivery of material, and appellant offered no supporting testimony from its own crew or that of its replacement. Finally, it was simply not credible that appellant would have given materials to its competitor/replacement after having previously refused to do any more work on the project.
 
 
 4
 Appellant also argues that it was prevented from doing certain work on the same date. The district court found that the work involved was corrective in nature and would not have extended the period for filing a claim. This holding was not in error. The labor at issue clearly was a correction or repair rather than something required by the original contract. See United States for Use of Noland Co. v. Andrews, 406 F.2d 790, 792 (4th Cir.1969).
 
 
 5
 Accordingly, the judgment of the district court is affirmed for the reason stated in its opinion of August 13, 1991. Rule 9(b)(3), Rules of the Sixth Circuit. Appellee's request for costs on appeal is granted, and it is directed to submit a bill of costs within fourteen days of the date of entry of this order.